**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| JOAO CONTROL & MONITORING SYSTEMS, LLC,<br><br>Plaintiff,<br><br>v.<br><br>AMERICAN TRAFFIC SOLUTIONS, INC.,<br><br>Defendant. | Civil Action No. _____<br><br>**ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT**<br><br>JURY TRIAL DEMANDED |

Plaintiff Joao Control & Monitoring Systems, LLC ("Plaintiff" or "JCMS"), by and through its undersigned counsel, files this Original Complaint for Patent Infringement against Defendant American Traffic Solutions, Inc. ("Defendant" or "ATS") as follows:

## NATURE OF THE ACTION

1. This is a patent infringement action to stop Defendant's infringement of Plaintiff's United States Patent No. 6,587,046 entitled "Monitoring Apparatus and Method' (the "'046 Patent"; a copy of which is attached hereto as Exhibit A) and United States Patent No. 7,277,010 entitled "Monitoring Apparatus and Method'" (the "'010 Patent"; a copy of which is attached hereto as Exhibit B) (collectively, "the Patents-in-Suit"). Plaintiff is the owner of the '046 Patent and the '010 Patent. Plaintiff seeks injunctive relief and monetary damages.

## PARTIES

2. JCMS is a limited liability company organized and existing under the laws of the state of Delaware. Plaintiff maintains its principal place of business at 122 Bellevue Place, Yonkers, New York, 10703. Plaintiff is the owner of the Patents-in-Suit, and possesses all rights thereto, including the exclusive right to exclude the Defendant from making, using, selling, offering to sell or importing in this district and elsewhere into the United States the patented invention(s) of the Patents-in-Suit, the right to sublicense the Patents-in-Suit, and to sue the Defendant for infringement and recover past damages.

3. Upon information and belief, ATS is a corporation duly organized and existing under the laws of the State of Kansas having its principal place of business located at 1330 W. Southern Ave., Suite 101, Tempe, Arizona, 85282. Defendant may be served through its registered agent, Corporation Service Company, at either 2900 SW Wanamaker Drive, Suite 204, Topeka, Kansas, 66614, or 7681 East Gray Road, Scottsdale, Arizona, 85260. Upon information and belief, Defendant is registered as a foreign corporation with the State of Delaware Department of State (Division of Corporations) and may also be served through its registered agent, Corporation Service Company, 2711 Centerville Road, Suite 400, Wilmington, Delaware, 19808.

## JURISDICTION AND VENUE

4. This action arises under the Patent Laws of the United States, 35 U.S.C. § 1 *et seq.*, including 35 U.S.C. §§ 271, 281, 283, 284, and 285. This Court has subject matter jurisdiction over this case for patent infringement under 28 U.S.C. §§ 1331 and 1338(a).

5. The Court has personal jurisdiction over Defendant because: Defendant has minimum contacts within the State of Delaware and in the District of Delaware; Defendant has purposefully availed itself of the privileges of conducting business in the State of Delaware and in the District of Delaware; Defendant has sought protection and benefit from the laws of the State of Delaware; Defendant regularly conducts business within the State of Delaware and within the District of Delaware, and Plaintiff's causes of action arise directly from Defendant's business contacts and other activities in the State of Delaware and in the District of Delaware.

6. More specifically, Defendant, directly and/or through its intermediaries, ships, distributes, offers for sale, sells, and/or advertises (including the provision of an interactive web page) its products and services in the United States, the State of Delaware, and the District of Delaware. Upon information and belief, Defendant has committed patent infringement in the State of Delaware and in the District of Delaware. Defendant solicits customers in the State of Delaware and in the District of Delaware. Defendant has many paying customers who are residents of the State of Delaware and the District of Delaware and who use Defendant's products and services in the State of Delaware and in the District of Delaware.

7. Venue is proper in the District of Delaware pursuant to 28 U.S.C. §§ 1391 and 1400(b).

## COUNT I:
## INFRINGEMENT OF U.S. PATENT NO. 6,587,046

8. Plaintiff re-alleges and incorporates by reference each of Paragraph 1-7 above.

9. The '046 Patent was duly and legally issued by the United States Patent and Trademark Office on July 1, 2003 after full and fair examination. Plaintiff is the owner of the '046 Patent, and possesses all right, title and interest in the '046 Patent including the right to

enforce the '046 Patent, and the right to sue Defendant for infringement and recover past damages.

10. On information and belief, Defendant has had knowledge of the '046 Patent as early as October 17, 2012, the date of filing of the Complaint in the District Court for the Southern District Of New York styled *Joao Control & Monitoring Systems, LLC v. City of Yonkers* (Case No. 7:12-cv-07734-KMK) in which JCMS sued Defendant's customer for infringement of the '046 Patent (hereinafter the "New York Litigation").

11. On information and belief, Defendant has had knowledge of the '046 Patent as early as November 13, 2012, the date of service on the Defendant of the Complaint in the New York Litigation.

12. On information and belief, Defendant has had knowledge of the '046 Patent as of January 4, 2013, the date of a letter from counsel for Defendant and the Defendant in the New York Litigation seeking to allow Defendant to intervene in the New York Litigation (filed as Dkt. No. 7 on January 11, 2013 in the New York Litigation).

13. On information and belief, Defendant owns, operates, advertises, and controls its websites, www.atsol.com and www.violationinfo.com, through which Defendant advertises, sells, offers to sell, provides services and/or educates customers about its products and services.

14. Plaintiff is informed and believes that Defendant and its customers have infringed and continue to infringe the '046 Patent either literally or under the doctrine of equivalents. Upon information and belief, Defendant and its customers have infringed and continue to infringe one or more claims of the '046 Patent by making, using, providing, and/or importing, directly or through intermediaries, in this district and elsewhere in the United States, systems and methods for receiving and monitoring video information by a video recording device or camera,

including Defendant's AutoPatrol, CrossingGuard, CleanSweep, SafeTrax, and Axsis Bus Lane Compliance System products and services (the "Accused Systems"), in this district and elsewhere in the United States through Defendant's websites, www.atsol.com and www.violationinfo.com, and other Internet-related services.

15.     Upon information and belief, Defendant has intentionally induced and continues to induce infringement of one or more claims of the '046 Patent in this district and elsewhere in the United States, by its intentional acts which have successfully, among other things, encouraged, instructed, enabled and otherwise caused its customers to use the Accused Systems to monitor video obtained by one or more video cameras and/or video recording devices located at a premises or vehicle, said Accused Systems having been provided by Defendant to its customers for the primary purpose of causing infringing acts by said customers.  Despite its knowledge of the existence of '046 Patent since January 4, 2013 and as early as October 17, 2012, Defendant, upon information and belief, continues to encourage, instruct, enable and otherwise cause its customers to use its Accused Systems in a manner which infringes the '046 Patent.  Upon information and belief, Defendant has specifically intended that its customers use its Accused Systems in such a way that infringes the '046 Patent by, at a minimum, providing and supporting the Accused Systems and instructing its customers on how to use said Accused Systems in such a way that infringes the '046 Patent and knew that its actions, including but not limited to providing said Accused Systems and instruction, would induce, have induced, and will continue to induce infringement by its customers.

16.     Upon information and belief, Defendant has contributed to and continues to contribute to the infringement of one or more claims of the '046 Patent in this district and elsewhere in the United States. Its intentional acts have, among other things, encouraged,

instructed, enabled and otherwise caused its customers to use the Accused Systems, to monitor video obtained by one or more video cameras and/or video recording devices located at a premises or vehicle, having been provided by Defendant to its customers for the primary purpose of causing infringing acts by said customers. Defendant offers to sell, and sells (directly or through intermediaries), to its customers, the Accused Systems covered by the '046 Patent that constitutes a material part of the invention, and its customers have utilized said Accused Systems in a manner that infringes one or more claims of the '046 Patent. Defendant has had knowledge of the '046 Patent since January 4, 2013 and as early as October 17, 2012. Upon information and belief, Defendant has specifically intended and/or specifically intends that its customers use the Accused Systems in such a way that infringes the '046 Patent by, at minimum, providing and supporting the Accused Systems and instructing its customers on how to use said Accused Systems in such a way that infringes the '046 Patent, and knew and/or knows that the Accused Systems is especially made, used, and/or adapted for user(s) to infringe one or more claims of the '046 Patent and, therefore, is not a staple article or commodity of commerce suitable for a substantial non-infringing use.

17.     Defendant's aforesaid activities have been without authority and/or license from Plaintiff.

18.     Despite its knowledge of the '046 Patent, known of at least since January 4, 2013 and as early as October 17, 2012, and without a reasonable basis for continuing its infringing activities, on information and belief, Defendant has willfully infringed and continues to willfully infringe the '046 Patent.

19.     Plaintiff is entitled to recover from Defendant the damages sustained by Plaintiff as a result of Defendant's wrongful acts in an amount subject to proof at trial, which, by law,

cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

20. Defendant's infringement of Plaintiff's rights under the '046 Patent will continue to damage Plaintiff, causing irreparable harm for which there is no adequate remedy at law, unless enjoined by this Court.

## COUNT II:
## INFRINGEMENT OF U.S. PATENT NO. 7,277,010

21. Plaintiff re-alleges and incorporates by reference each of Paragraph 1-7 above.

22. The '010 Patent was duly and legally issued by the United States Patent and Trademark Office on October 2, 2007 after full and fair examination. Plaintiff is the owner of the '010 Patent, and possesses all right, title and interest in the '010 Patent including the right to enforce the '010 Patent, and the right to sue Defendant for infringement and recover past damages.

23. On information and belief, Defendant has had knowledge of the '010 Patent as early as October 17, 2012, the date of filing of the Complaint in the District Court for the Southern District Of New York styled *Joao Control & Monitoring Systems, LLC v. City of Yonkers* (Case No. 7:12-cv-07734-KMK) in which JCMS sued Defendant's customer for infringement of the '010 Patent (hereinafter the "New York Litigation").

24. On information and belief, Defendant has had knowledge of the '010 Patent as early as November 13, 2012, the date of service on the Defendant of the Complaint in the New York Litigation.

25. On information and belief, Defendant has had knowledge of the '010 Patent as of January 4, 2013, the date of a letter from counsel for Defendant and the Defendant in the New

York Litigation seeking to allow Defendant to intervene in the New York Litigation (filed as Dkt. No. 7 on January 11, 2013 in the New York Litigation).

26. On information and belief, Defendant owns, operates, advertises, and controls its websites, www.atsol.com and www.violationinfo.com, through which Defendant advertises, sells, offers to sell, provides services and/or educates customers about its products and services.

27. Plaintiff is informed and believes that Defendant and its customers have infringed and continue to infringe the '010 Patent either literally or under the doctrine of equivalents. Upon information and belief, Defendant and its customers have infringed and continue to infringe one or more claims of the '010 Patent by making, using, providing, and/or importing, directly or through intermediaries, in this district and elsewhere in the United States, systems and methods for receiving and monitoring video information by a video recording device or camera, including Defendant's AutoPatrol, CrossingGuard, CleanSweep, SafeTrax, and Axsis Bus Lane Compliance System products and services (the "Accused Systems"), in this district and elsewhere in the United States through Defendant's websites, www.atsol.com and www.violationinfo.com, and other Internet-related services.

28. Upon information and belief, Defendant has intentionally induced and continues to induce infringement of one or more claims of the '010 Patent in this district and elsewhere in the United States, by its intentional acts which have successfully, among other things, encouraged, instructed, enabled and otherwise caused its customers to use the Accused Systems to monitor video obtained by one or more video cameras and/or video recording devices located at a premises or vehicle, said Accused Systems having been provided by Defendant to its customers for the primary purpose of causing infringing acts by said customers. Despite its knowledge of the existence of '010 Patent since January 4, 2013 and as early as October 17,

2012, Defendant, upon information and belief, continues to encourage, instruct, enable and otherwise cause its customers to use its Accused Systems in a manner which infringes the '010 Patent. Upon information and belief, Defendant has specifically intended that its customers use its Accused Systems in such a way that infringes the '010 Patent by, at a minimum, providing and supporting the Accused Systems and instructing its customers on how to use said Accused Systems in such a way that infringes the '010 Patent and knew that its actions, including but not limited to providing said Accused Systems and instruction, would induce, have induced, and will continue to induce infringement by its customers.

29. Upon information and belief, Defendant has contributed to and continues to contribute to the infringement of one or more claims of the '010 Patent in this district and elsewhere in the United States. Its intentional acts have, among other things, encouraged, instructed, enabled and otherwise caused its customers to use the Accused Systems, to monitor video obtained by one or more video cameras and/or video recording devices located at a premises or vehicle, having been provided by Defendant to its customers for the primary purpose of causing infringing acts by said customers. Defendant offers to sell, and sells (directly or through intermediaries), to its customers, the Accused Systems covered by the '010 Patent that constitutes a material part of the invention, and its customers have utilized said Accused Systems in a manner that infringes one or more claims of the '010 Patent. Defendant has had knowledge of the '010 Patent since January 4, 2013 and as early as October 17, 2012. Upon information and belief, Defendant has specifically intended and/or specifically intends that its customers use the Accused Systems in such a way that infringes the '010 Patent by, at minimum, providing and supporting the Accused Systems and instructing its customers on how to use said Accused Systems in such a way that infringes the '010 Patent, and knew and/or knows that the Accused

Systems is especially made, used, and/or adapted for user(s) to infringe one or more claims of the '010 Patent and, therefore, is not a staple article or commodity of commerce suitable for a substantial non-infringing use.

30.     Defendant's aforesaid activities have been without authority and/or license from Plaintiff.

31.     Despite its knowledge of the '010 Patent, known of at least since January 4, 2013 and as early as October 17, 2012, and without a reasonable basis for continuing its infringing activities, on information and belief, Defendant has willfully infringed and continues to willfully infringe the '010 Patent.

32.     Plaintiff is entitled to recover from Defendant the damages sustained by Plaintiff as a result of Defendant's wrongful acts in an amount subject to proof at trial, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

33.     Defendant's infringement of Plaintiff's rights under the '010 Patent will continue to damage Plaintiff, causing irreparable harm for which there is no adequate remedy at law, unless enjoined by this Court.

## JURY DEMAND

34.     Plaintiff demands a trial by jury on all issues.

## PRAYER FOR RELIEF

Plaintiff respectfully requests the following relief:

A. An adjudication that one or more claims of the Patents-in-Suit have been infringed, either literally and/or under the doctrine of equivalents, by the Defendant and/or its customers and that such infringement is willful;

B. An adjudication that Defendant has induced infringement of one or more claims of the Patents-in-Suit by Defendant's customers;

C. An adjudication that Defendant has contributed to the infringement of one or more claims of the Patents-in-Suit by Defendant's customers

D. An award of damages to be paid by Defendant adequate to compensate Plaintiff for its past infringement and any continuing or future infringement up until the date such judgment is entered, including interest, costs, and disbursements as justified under 35 U.S.C. § 284 and, if necessary to adequately compensate Plaintiff for Defendant's infringement, an accounting of all infringing sales including, but not limited to, those sales not presented at trial;

E. That, should Defendant's acts of infringement be found to be willful from the time that Defendant became aware of the infringing nature of its actions, that the Court award treble damages for the period of such willful infringement pursuant to 35 U.S.C. § 284.

F. A grant of permanent injunction pursuant to 35 U.S.C. § 283, enjoining the Defendant from further acts of infringement with respect to the claims of the Patents-in-Suit;

G. That this Court declare this to be an exceptional case and award Plaintiff its reasonable attorneys' fees and costs in accordance with 35 U.S.C. § 285; and,

H. Any further relief that this Court deems just and proper.

Respectfully submitted this 15th day of February 2013.

*Attorneys for Plaintiff*
*Joao Control & Monitoring Systems, LLC*

*s/ Stamatios Stamoulis*

**STAMOULIS & WEINBLATT LLC**         Stamatios Stamoulis #4606
                                      stamoulis@swdelaw.com
                                      Richard C. Weinblatt #5080
                                      weinblatt@swdelaw.com
                                      Two Fox Point Centre
                                      6 Denny Road, Suite 307
                                      Wilmington, DE 19809
                                      Telephone: (302) 999-1540

**HENINGER GARRISON DAVIS, LLC**      Jonathan R. Miller, *Pro Hac Vice* Anticipated
                                      Email: jmiller@hgdlawfirm.com
                                      3621 Vinings Slope, Suite 4320
                                      Atlanta, Georgia  30339
                                      Telephone:  (404) 996-0863
                                      Facsimile:  (205) 547-5506

                                      Steven W. Ritcheson, *Pro Hac Vice* Anticipated
                                      Email: swritcheson@hgdlawfirm.com
                                      Joseph C. Gabaeff, *Pro Hac Vice* Anticipated
                                      Email: jgabaeff@hgdlawfirm.com
                                      9800 D Topanga Canyon Boulevard, #347
                                      Chatsworth, CA 91311
                                      Telephone:  (205) 326-3336
                                      Facsimile:  (205) 326-333